# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| KEITH HOBBS, individually and on behalf of others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>APOLLO INTERACTIVE, INC.<br><br>      Defendant. | Case No. 4:19-cv-00057-CDL<br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S COUNTERCLAIMS

Defendant Apollo Interactive, Inc. ("Defendant" or "Apollo") amends its pleadings by filing its Counterclaims against Plaintiff, showing the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Keith Hobbs ("Plaintiff" or "Hobbs") has submitted to the venue and jurisdiction of this Court, having filed his Complaint on April 8, 2019.

2.

This Counterclaim arises out of the same transaction and/or occurrence alleged in Plaintiff's Complaint.

3.

The Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367.

## BACKGROUND

4.

Hobbs is a serial filer of Telephone Consumer Protection Act ("TCPA") claims, having filed multiple TCPA lawsuits in several federal jurisdictions. *See Keith Hobbs v. HomeAdvisor, Inc.,* in the District Court for the District of Colorado, Case No. 1:19-cv-00571 (filed Feb. 26, 2019); *Keith Hobbs et al v. Randall-Reilly LLC et al*, in the District Court for the Middle District of Georgia, Case Number: 4:19cv00009-CDL (filed Jan. 22, 2019); *Keith Hobbs et al. v. Entrevoice Virtual Solutions, Inc. et al.,* in the District Court for the Middle District of Georgia, Case No. 4:18-cv-00247-CDL (filed Dec. 19, 2018); *Keith Hobbs v. Connect America.com, LLC*, in the District Court for the Eastern District of Pennsylvania, Case Number: 2:18cv768 (filed Feb. 20, 2018); *Keith Hobbs v. Medical Guardian LLC*, in the District Court for the Eastern District of Pennsylvania, Case Number: 2:17cv5462 (filed Dec. 5, 2017); *Keith Hobbs v. Gosmith Inc.*, in the District Court for the Northern District of California, Case Number: 5:17cv6776 (filed Nov. 25, 2017).

5.

Apollo operates BestAutoInsurance.com, a website designed to provide consumers information about and quotes for auto insurance (the "Website").

6.

Apollo records the information a consumer enters on Apollo's website using a video system that shows, in real time, the cursor moving over the Website and data as it is entered by consumers.

7.

Apollo also has access to the consumer's internet protocol (IP) address, which identifies information about the computer from which the consumer enters its information.  Based on the IP address, Apollo knows the consumer's general geographic location while data is being entered.

8.

Apollo's records demonstrate that, on August 29, 2018, at 3:57 p.m. EST, Hobbs accessed BestAutoInsurance.com and entered his personal information, including details about his date of birth, car, insurance policy interests, educational background and employment status, phone number, and address.  He accessed the Website from IP address 98.219.28.203, which is located in Georgia where he resides.

9.

The BestAutoInsurance.com website provides consumers with automobile insurance quotes.

10.

The Website contains the following statement:

> By clicking the submit button, I agree to receive communications via automatic telephone dialing system or by artificial/pre-recorded message, or by text message from multiple insurance companies or their agents, this website, and partner companies at the telephone number I have provided.  I understand that my consent is not required as a condition of purchasing any goods or services.  Insurance companies or their agents that receive a quote request from this website or its partners companies may confirm my information through the use of a consumer report, which may include my credit score and driving record.  I authorize and instruct this website and its partner companies to obtain a consumer report.  I acknowledge that I have read and understand all of the Privacy Policy of this website and agree to be bound by them.

11.

After entering his personal information into the website form, Hobbs clicked the submit button, agreeing to those terms.

12.

As a result of Hobbs entering his information on the Website and agreeing to be contacted, Apollo sent a text message to Hobbs.

13.

On April 8, 2019, Hobbs filed the present Class Action Complaint, alleging violations of the Telephone Consumer Protection Act ("TCPA").  (Doc. 1.)

14.

 In the Complaint, Hobbs alleges that he is "not a customer of Defendant and has not consented to receive telemarketing calls prior to the receipt of these calls." (Doc. 1 ¶ 39.)

15.

Hobbs alleges that he received calls using an automatic telephone dialing system to telephone numbers assigned to a cellular telephone service without prior express consent in violation of the TCPA.  (Doc. 1 ¶¶ 54-55.)

16.

Hobbs alleges that Apollo violated FCC regulations under the TCPA by failing to identify the caller of the call and the sender of the text messages.  (Doc. 1 ¶¶ 64-65.)

17.

Based on the allegations in the Complaint, Hobbs seeks to certify a class and obtain damages of $500 to $1500 per violation for himself and other putative class members .

## **COUNT I - FRAUD**

18.

Defendant incorporates the allegations in the preceding paragraphs of this Counterclaim as though fully restated herein.

19.

Hobbs represented to Apollo that he was interested in obtaining information regarding automobile insurance and was seeking communications regarding same, including by providing personal information on its website to cause Apollo to contact him.

20.

Hobbs's representations regarding his interest in obtaining information about automobile insurance were false, as Hobbs did not actually have an interest in receiving such information.

21.

Instead, Hobbs intended to solicit the contact from Apollo in order to file a lawsuit under the TCPA.

22.

Hobbs knew that his representations regarding his interest in receiving communications about automobile insurance were false.

23.

Hobbs's representations regarding his interest in receiving communications about automobile insurance were material.

24.

Hobbs represented that he had an interest in communications about automobile insurance in order to cause Apollo to contact him.

25.

Apollo justifiably relied on Hobbs's representations, thereafter contacting him regarding automobile insurance.

26.

As a result of Hobbs's fraud, Apollo has been damaged, including by defending the present lawsuit manufactured by Hobbs, and is entitled to recover damages as deemed just and proper by this Court, including an award of punitive damages.

## **COUNT II - BREACH OF CONTRACT**

27.

Defendant incorporates the allegations in the preceding paragraphs of this Counterclaim as though fully restated herein.

28.

The Website clearly sets forth the intent to provide consumers with information about auto insurance.

29.

Hobbs agreed to receive communications, including text messages, about automobile insurance from Apollo at the telephone number he provided on the Website.

30.

Additionally, by submitting his phone number on the Website, Hobbs authorized Apollo to contact him directly with information about automobile insurance.

31.

Hobbs's agreement to receive the aforementioned communications constitutes a contract between Hobbs and Apollo.

32.

Apollo complied with all conditions of the agreement.

33.

Hobbs materially breached his agreement with Apollo by failing to solicit and receive the communication for the purpose of pursuing information about auto insurance.

34.

Instead, Hobbs solicited the communication from Apollo in order to file a TCPA lawsuit.

35.

As a result of his material breach of the agreement, Apollo has been damaged, including by defending the present lawsuit manufactured by Hobbs.

### COUNT III - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36.

Defendant incorporates the allegations in the preceding paragraphs of this Counterclaim as though fully restated herein.

37.

Hobbs agreed to receive communications as set forth above.

38.

Hobbs abused the Website by providing his personal information to solicit communication from Apollo to manufacture the present lawsuit against Apollo.

39.

Hobbs did so with bad faith and an intent to injure Apollo.

40.

Apollo has been harmed as a direct consequence of Hobbs's actions including, but not limited to, financial harm and the costs of investigation and defense.

WHEREFORE, Counterclaim Plaintiff Apollo Interactive, Inc. prays and demands as follows:

(a) that this Court award compensatory damages to Apollo Interactive, Inc. in an amount to be determined at trial;

(b) that this Court award attorneys' fees to Apollo Interactive, Inc. in an amount to be determined at trial;

(c) that this Court assess punitive damages against Counterclaim Defendant Keith Hobbs;

(d) a jury trial on all issues so triable; and

(e) all further relief as this Court deems just and proper.

Dated September 30, 2019.    Respectfully Submitted,

*/s/ Michael P. Bruyere*
Michael P. Bruyere
Ga. Bar No. 090101
Matthew N. Foree
Ga. Bar No. 268702

>
> FREEMAN MATHIS & GARY, LLP
> 100 Galleria Parkway, Suite 1600
> Atlanta, GA 30339
> Telephone:  (770) 818-1435
> mbruyere@fmglaw.com
> mforee@fmglaw.com
>
> Derek A. Newman,
> *Pro Hac Vice*
> Keith Scully
> *Pro Hac Vice*
> NEWMAN DU WORS LLP
> 2101 Fourth Avenue, Suite 1500
> Seattle, WA 98121
> 206.274.2800 - Phone
> 206.274.2801 - Fax
> dn@nemanlaw.com
> keith@newmanlaw.com
>
> *Counsel for Defendant Apollo Interactive, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the within and foregoing **DEFENDANT'S COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record:

Anthony L. Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Kris Skaar
Justin T. Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

James M. Feagle
Cliff R. Dorsen
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, GA 30084

Submitted this 30th day of September, 2019.

/s/Michael P. Bruyere
Michael P. Bruyere
Ga. Bar No. 090101

*Counsel for Defendant Apollo Interactive, Inc.*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
(770) 818-1435 (telephone)
(770) 937-9960 (facsimile)
15953612