IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

KEITH HOBBS, *individually and on behalf of others similarly situated*, *

Plaintiff, *

vs. * CASE NO. 4:19-CV-57 (CDL)

APOLLO INTERACTIVE, INC., *

Defendant. *

O R D E R

Plaintiff alleges that Defendant made automated telemarketing calls to him without his consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant argues that Plaintiff agreed to arbitrate his claims. As discussed below, Defendant's motion to dismiss this action in favor of arbitration (ECF No. 14) is denied. Defendant's motion for leave to file counterclaims (ECF No. 22) is granted. Defendant's unopposed motion for leave to add an exhibit to its reply brief on the motion to dismiss (ECF No. 24) is granted, and the Court reviewed the exhibit.

DISCUSSION

## I. Motion to Dismiss in Favor of Arbitration

The key question presented by Defendant's motion to dismiss is whether Plaintiff agreed to arbitrate the issues he raised in

his Complaint. If he did, then the Federal Arbitration Act creates a presumption of arbitrability, and Plaintiff must arbitrate his disputes unless "grounds . . . exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. But, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). "Although the Federal Arbitration Act embodies an 'emphatic federal policy in favor of arbitral dispute resolution,' . . . this policy does not apply to the threshold question of whether there is 'a valid agreement to arbitrate between the parties.'" *Dye v. Tamko Bldg. Prods., Inc.*, 908 F.3d 675, 680 n.4 (11th Cir. 2018) (quoting *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) and *Bd. of Trs. of Delray Beach Police & Firefighters Ret. Sys. v. Citigroup Glob. Mkts., Inc.*, 622 F.3d 1335, 1342 (11th Cir. 2010)). "That question is governed instead by the 'ordinary state-law principles that govern the formation of contracts.' " *Id.* (quoting *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016)). And, "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of

such an agreement." *Bazemore*, 827 F.3d at 1333 (quoting Fed. R. Civ. P. 56(a)).

In Georgia, a contract requires "parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." *Id.* at 1330 (quoting O.C.G.A. § 13-3-1)). "The element of assent requires '(a) a meeting of the minds (b) on the essential terms of the contract.'" *Id.* (quoting *Regan v. Stored Value Cards, Inc.*, 85 F.Supp.3d 1357, 1362 (N.D. Ga. 2015)). "The party asserting the existence of a contract has the burden of proving its existence and its terms" by a preponderance of the evidence. *Id.* (quoting *Jackson v. Easters*, 379 S.E.2d 610, 611 (Ga. Ct. App. 1989)).

Here, Defendant presented evidence that on August 29, 2018 at 3:57 p.m. Eastern Standard Time, Plaintiff's contact information was entered on Defendant's website, BestAutoInsurance.com, from IP address 98.219.28.203 located in Norcross, Georgia using a Windows 7 operating system and Chrome 51.0.2704 browser. Ranshaw Decl. ¶¶ 6-7, ECF No. 14-2; Ranshaw Decl. Ex. A, Certificate of Authenticity, ECF No. 14-3. Defendant's website states that when a person enters his contact information into the website and clicks "submit," he agrees to receive communications via an automatic telephone dialing system and agrees to arbitrate any claims related to the website's

terms and conditions. Defendant argues that the only plausible inference from this evidence is that Plaintiff entered his contact information and clicked "submit," thereby assenting to the terms and conditions of the website, including the arbitration provision.

But, Plaintiff presented evidence that he "did not visit www.bestautoinsurance.com" and that it would have been impossible for him to access the website in the manner Defendant says he did. Hobbs Decl. ¶¶ 12, 20, ECF No. 20-1. According to Plaintiff, at 3:57 p.m. on August 29, 2018, Plaintiff was driving from a job at the Atlanta Zoo in southeast Atlanta, Georgia to Columbus, Georgia (southwest of Atlanta) and thus could not have been in Norcross, Georgia (northeast of Atlanta). *Id.* ¶¶ 14-17. Plaintiff also presented evidence that he does not own a device that uses the Windows 7 operating system; he uses his cellular telephone for internet access. *Id.* ¶ 18. Finally, Plaintiff stated that he "cannot know for certain who accessed" Defendant's website and input his information, but "[w]hat [he] do[es] know for certain is that [he] did not visit www.bestautoinsurance.com." *Id.* ¶¶ 11-12. From this, a reasonable factfinder could determine that Plaintiff did not enter his personal information on Defendant's website or click "submit." So, a reasonable factfinder could conclude that Plaintiff did not assent to the website's terms, including the

arbitration provision. Accordingly, there is a genuine fact dispute as to whether Plaintiff entered an arbitration agreement with Defendant, and the Court thus cannot conclude as a matter of law at this stage in the proceedings that the parties had a valid agreement to arbitrate. For this reason, Defendant's motion to dismiss in favor of arbitration (ECF No. 14) is denied.

## II. Motion for Leave to File Counterclaims

On September 30, 2019, more than two months before the Scheduling/Discovery Order's deadline for amending the pleadings, Defendant filed a motion for leave to add counterclaims for fraud and breach of contract. Since the parties agreed that the pleadings could be amended until December 6, 2019 without leave of the Court, Defendant shall be permitted to amend its answer to add counterclaims. Defendant must file its amended answer and counterclaims within fourteen days.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss this action in favor of arbitration (ECF No. 14) is denied. Defendant's motion for leave to file counterclaims (ECF No. 22) is granted. Defendant's unopposed motion for leave to add an exhibit to its reply brief on the motion to dismiss (ECF

No. 24) is granted, though the supplemental exhibit does not change the outcome of this Order.

IT IS SO ORDERED, this 17th day of December, 2019.

S/Clay D. Land

CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA