IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| KEITH HOBBS, individually and on behalf of others similarly situated, | : : : | Case No. 4:19-cv-57 (CDL) |
| Plaintiff, | : : | |
| v. | : : | |
| APOLLO INTERACTIVE, INC., | : : | |
| Defendant. | : | |

## MOTION TO DISMISS COUNTERCLAIM

NOW COMES Plaintiff Keith Hobbs, by and through counsel, and files this,

his Motion to Dismiss Defendant's Counterclaim [Doc. 31, pp. 24-34] pursuant to

Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiff filed this action seeking redress for Defendant's use of automatic

telephone dialing system to call his cellular telephone number without his consent,

in violation of the Telephone Consumer Protection Act. Doc. 1; 47 U.S.C. §

227(b)(1)(A)(iii).  Defendant moved to compel arbitration of these claims. Doc. 12.

The crux of Defendant's motion to compel arbitration was its assertion that

Plaintiff visited its site and agreed to terms and conditions, which included an

agreement to arbitrate. *Id.* In response, Plaintiff denied that he ever visited the

1

website or that any contract was ever formed between the parties. Docs. 20; 20-1. Citing this factual dispute, the Court denied this motion. Doc. 30. In the same order, the Court granted leave for Defendant to add a counterclaim based on the terms of the scheduling order permitting amendments to the pleadings. *Id.*

Defendant now seeks to bring counterclaims for fraud, breach of contract, and breach of covenants of good faith and fair dealing. Doc. 31, pp. 24-34. The counterclaims allege that this case was manufactured in bad faith, and the only injury or damages articulated are those associated with the Defendant's defense of this case. *Id.* at ¶¶ 26, 35, 40.

Plaintiff refutes Defendant's allegations. But even construing the allegations most favorable for the Defendant, Defendant's counterclaims should be dismissed because they are barred by OCGA § 51-7-85, which makes the statutory tort of abusive litigation the exclusive remedy under Georgia law for abusive litigation conduct. *See* OCGA §§ 51-7-80 through 85. In addition, Federal law, including the Federal Rules of Civil Procedure, govern the conduct of litigants in Federal Court.

## ARGUMENT AND AUTHORITY

### I.    The Proposed Counterclaims are Barred by OCGA § 51-7-85.

The proposed counterclaims allege that Mr. Hobbs visited the Defendant's website in bad faith in order to induce the Defendant to call him for the purposes of filing this lawsuit. Doc. 31, pp. 24-34.  Importantly, the only injury or damages alleged are those associated with the Defendant's defense of this case. *Id.* at ¶¶ 26, 35, 40.[1]  Such claims are barred by the exclusive remedy provision of Georgia's abusive litigation statute.

Under Georgia law, "[a]ny person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) [w]ith malice; and (2) [w]ithout substantial justification." *Meadow Springs Recovery, LLC v. Wofford*, 734 SE 2d 100, 102 (Ga. App. 2012) quoting OCGA § 51-7-81. "[N]o claim other than [OCGA § 51-7-81]  or in Code Section 9-15-14 shall be allowed, whether statutory or common law, for the torts of malicious use of civil proceedings, malicious abuse of civil process, nor abusive litigation[.] This article is the exclusive remedy for abusive litigation." OCGA § 51-7-85.

---

[1] To the extent Defendant seeks to bring a fraud claim, Fed. R. Civ. P. 9(b) requires such damages to be plead with particularity.

"[W]e look to the substance and not the style of a particular claim to determine whether it amounts to a claim for abusive litigation." *Meadow Springs* at 102. A claimant "may not avoid the requirements of the statute merely by characterizing their claims arising from the allegedly abusive lawsuit as some other cause of action." *Id.* at 103. "[T]he abusive litigation statutes strike a balance between the competing public interests of preserving free access to the court and preventing 'serious abuses of lawsuit filing.' This balance is intended to prevent the 'proliferation of unnecessary causes of action for the alleged improper filing of lawsuits [which] would have a chilling effect on the exercise by citizens of their right of access to the courts." *Id.* (internal citations omitted). *See also Rogers v. Dupree*, 824 SE 2d 823 (Ga. App. 2019) (finding an invasion of privacy claim predicated on the filing of a lawsuit barred by OCGA § 51-7-85).

Defendant's claims are based upon the filing of this lawsuit. Doc. 31, pp. 24-34. The only damages defendant has alleged are those associated with defending this lawsuit. Doc. 22-2 ¶¶ 26, 35, 40.  No matter how the Defendant characterizes its claims, Defendant's complaint is about the "initiation, continuation, or procurement of [a] civil proceeding[.]" OCGA § 51-7-81 The only such claim cognizable under Georgia law is abusive litigation. OCGA § 51-7-85.

## II.    Defendant Cannot Assert an Abusive Litigation Claim.

Although Defendant has characterized its claims in the form of fraud or breach of contract, as detailed above the only claim cognizable under Georgia law arising from the initiation, continuation, or procurement of civil proceedings is abusive litigation. OCGA §§ 51-7-80-85.  "[D]efendant [cannot] state a counterclaim for abusive litigation under O.C.G.A. § 51-7-80 *et. seq.,* in any event because § 51-7-84(b) requires that such a claim follow final termination of the proceeding in which the abuse occurs." *Carabajal-Ramirez  v. Bland Farms, Inc.*, 234 F. Supp. 2d 1353, 1355 (S.D.Ga. 2001).

"[F]ederal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith." *Marx v. General Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013).  In addition, the Federal Rules of Civil Procedure provide a comprehensive scheme for regulating the conduct and filings of parties before the Court. *See* Fed. R. Civ. P. 11.  Together, these provisions provide Federal Courts with a comprehensive scheme for regulating litigants in Federal Court.

However, each of these provisions is enforced by motion, not by a counterclaim. *See Carabajal-Ramirez v. Bland Farms, Inc.*, 234 F. Supp. 2d 1353 (S.D.Ga. 2001). "Defendant[] cannot invoke State law, either. 'Congress[, through

5

Rule 11,] has simply pre-empted this entire area of the law.'" *Id.* quoting *East-Bibb Twiggs Neighborhood v. Macon-Bibb Planning*, 674 F.Supp. 1475 (M.D.Ga.1987). Because Federal law provides the means for policing litigants in Federal Court, state law claims, including abusive litigation, cannot be premised on conduct in Federal Court. *Great Western Bank v. Southeastern Bank*, 507 S.E.2d 191 (1998).

## CONCLUSION

The Court should Dismiss Defendant's Counterclaims because the abusive litigation tort is the exclusive remedy under Georgia law for a claim arising from the initiation, continuation, or procurement of a civil proceeding, and any such claim preempted by Federal law.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:  */s/ Justin T. Holcombe*
     Justin T. Holcombe
     Georgia Bar No. 552100
     jholcombe@skaarandfeagle.com
     Kris Skaar
     Georgia Bar No. 649610
     kskaar@skaarandfeagle.com
     133 Mirramont Lake Drive
     Woodstock, GA 30189
     770 / 427-5600
     404 / 601-1855 fax

6

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax